## STOUT LUMBER CO. v. HAYES.

Circuit Court of Appeals, Fifth Circuit.
March 30, 1928.

Rehearing Denied April 17, 1928.

No. 5167.

1. **Banks and banking** ⟜171(3)—**It is negligence to send check for collection to bank on which drawn.**

It is negligence to send check for collection to bank on which it is drawn, such bank not being suitable agent for its collection.

2. **Banks and banking** ⟜171(3)—**Collecting bank held negligent in sending check to bank on which drawn for collection and failing to do anything toward collection for 10 days.**

Where collecting bank, which had previously failed to make collection on defendant's check given to plaintiff for price of lumber, because bank on which it was drawn and to which it was sent for collection reported it had not received check, thereafter again sent to same bank another check received from defendant to replace first check and did nothing further toward collection for 10 days, though reasonable time for payment did not exceed 5 days, held, that collecting bank was negligent, and plaintiff was not entitled to recover its loss from defendant on subsequent closing of bank, on which check was drawn, because of insolvency.

3. **Payment** ⟜22—**Bank's payment of check in ordinary course would be good, if drawer had no knowledge of bank's insolvency.**

Where drawer of check had no knowledge of bank's condition, payment of check in ordinary course of business of bank would have been good, even if bank had been insolvent.

On Rehearing.

4. **Banks and banking** ⟜171(3)—**State statute authorizing collecting bank to send check directly to bank on which drawn held not to impair drawer's right to defend against negligence of payee or forwarding bank (Act La. No. 85 of 1916).**

Act La. No. 85 of 1916, providing that bank receiving check for collection may send it directly to bank on which drawn, and that failure of bank, because of insolvency or otherwise, to which check is sent, to account for proceeds, shall not render forwarding bank lia-

ble, only affects contract relations between depositor of check and initial bank of deposit, on one hand, and forwarding bank, on the other, and does not impair rights of drawer, whose funds have been transferred by drawee bank, to defend against negligence of payee or forwarding bank.

In Error to the District Court of the United States for the Western District of Louisiana; Benjamin C. Dawkins, Judge.

Action by the Stout Lumber Company against H. R. Hayes. Judgment for defendant, and plaintiff brings error. Affirmed.

C. Huffman Lewis, J. D. Wilkinson, and W. S. Wilkinson, all of Shreveport, La., for appellant.

A. S. Drew, of Minden, La., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. The Stout Lumber Company accepted Hayes' check for $6,727.86 in payment of a debt. It brought this suit against him on the pre-existing debt, alleging in its petition that the check was presented for collection to the bank on which it was drawn, but was not paid. The defense was that the debt was discharged by the check on the ground that plaintiff's loss was caused either by an unreasonable delay in presenting the check for payment, or by negligence in mailing it for collection to the bank on which it was drawn. The District Judge, before whom the case was tried, under a written stipulation waiving a jury, gave judgment for defendant, and plaintiff appeals.

On February 21, 1925, both plaintiff and defendant were engaged in business at Cotton Valley, La. On that date defendant bought from plaintiff a quantity of lumber, and delivered as payment his check upon the Bank of Cotton Valley for the amount sued for to its agent, payable to its order. On February 23 plaintiff deposited that check in a bank at Little Rock, Ark., and on the same day that bank forwarded it for collection to the Hibernia Bank at New Orleans. On February 27 the Hibernia Bank forwarded that check to the Bank of Cotton Valley. In the ordinary course of the mails the check should have been received at Cotton Valley within two days at the most, but at some time not stated the Bank of Cotton Valley reported that the check had not been received by it. On or about March 25 plaintiff notified defendant that his February check had been lost, and immediately received from him, upon its request, another check on the Bank of Cotton Valley for the

same amount. That check was handled in the same way as the first one was. It was forwarded by the Bank at Little Rock to the Hibernia Bank at New Orleans, and by the Hibernia Bank on March 30 to the Bank of Cotton Valley along with other items for collection. On April 9 the Hibernia Bank received from the Bank of Cotton Valley remittances for all items except the check in question, and immediately wired demanding payment of that check or its return. On April 14 the Hibernia Bank received a draft of the Bank of Cotton Valley, dated April 11, on the First National Bank of Minden, La., for the amount of the check. There was no delay in sending that draft to the Minden bank, but the Bank of Cotton Valley was closed by the state bank examiner on the same day that the Minden bank received it. The Minden bank would have paid the draft, although it did not have on deposit to the credit of the drawer funds sufficient to pay it in full, except for the fact that payment was stopped by the state bank examiner.

The Bank of Cotton Valley marked defendant's check paid and charged the amount thereof to his account on April 11, the date that it sent its draft to the Hibernia Bank. Defendant had on deposit sufficient funds to pay the check continuously from February 21, when the first check was given, until April 11, when the second check was charged to him. It is not claimed that the Bank of Cotton Valley, in withholding and delaying payment, was acting upon defendant's request or for his benefit. That bank was insolvent when its doors were closed by the state bank examiner, and perhaps had been for several weeks; but there is no evidence to indicate that defendant had knowledge of its condition.

[1] It was negligence to send the check for collection to the bank upon which it was drawn. By the great weight of authority in this country, the bank whose duty it is to pay a check is not a suitable agent for its collection. See 3 R. C. L. 627, and cases cited; Daniel on Negotiable Instruments (6th Ed.) § 328; Morse on Banks and Banking (5th Ed.) § 236. The experience of the collecting bank with the first check should reasonably have suggested to it the safe method of selecting a disinterested subagent to demand payment of the second check; for the inference is as fair that the first check was received by an official of the Bank of Cotton Valley and destroyed by him as that it was lost.

[2] Moreover, after that experience the collecting bank should have insisted upon prompt payment or return of the second check. A reasonable time could not have exceeded 5 days. It was not until 10 days had elapsed, and the other items had been accounted for, that any action was taken toward the collection of the check in question. It does not appear that defendant is estopped by special agreement or local custom. We are therefore of opinion that the collecting bank was negligent on account of the method adopted and the time taken. It affirmatively appears that defendant would sustain a loss, since it was shown that the bank draft, which was used to take up his check, would have been paid if the state bank examiner had not stopped payment.

[3] As he had no knowledge of the bank's condition, payment of the check in the ordinary course of business would have been good, even though the bank had been insolvent. Morse on Banks and Banking, § 625.

The judgment is affirmed.

### On Rehearing.

PER CURIAM. [4] In a petition for a rehearing, appellant calls attention to Act 85 of 1916 of the Legislature of Louisiana, which contains a provision to the effect that a bank receiving a check for collection may send it directly to the bank on which it is drawn, and that the failure of the bank, either because of insolvency or otherwise, to which the check is sent, to account for the proceeds, shall not render the forwarding bank liable. That statute only affects the contract relations existing between the depositor of the check and the initial bank of deposit, on the one hand, and the forwarding bank, on the other. It does not impair the rights of the drawer, whose funds have been transferred by the drawee bank, to defend against the negligence of the payee or forwarding bank.

The petition for a rehearing is denied.